IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES E. KNOX, §
§
    Defendant Below, § No. 242, 2015
    Appellant, §
§
    v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for Kent County
§ Cr. ID No. 0008001802
    Plaintiff Below, §
    Appellee. §

Submitted: June 11, 2015
Decided: August 17, 2015

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

### **O R D E R**

This 17th day of August 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, James E. Knox, filed this appeal from a Superior Court order denying his motion for correction of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Knox's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, in February 2001, Knox pled guilty to Unlawful Sexual Intercourse in the Second Degree. This conviction arose from Knox's sexual abuse of his minor stepdaughter. Knox was sentenced to twenty

years of Level V incarceration, suspended after ten years for decreasing levels of supervision.  Knox did not file an appeal from the Superior Court's judgment.  In 2003, this Court affirmed the Superior Court's denial of Knox's first motion for postconviction relief.[1]

(3)  On October 29, 2010, the Superior Court found that Knox had committed his first violation of probation ("VOP").  Knox was sentenced to ten years of Level V incarceration, suspended after fifteen days for decreasing levels of supervision.  On April 12, 2013, the Superior Court found that Knox had committed his second VOP.  Knox was sentenced to fourteen years of Level V incarceration, suspended immediately for one year of Level III probation.

(4)  On February 25, 2014, an administrative warrant was filed for Knox's third VOP.  After initially contesting the VOP at the April 25, 2014 VOP hearing, Knox admitted to violating his probation. The Superior Court found that Knox had committed his third VOP and sentenced him to ten years of Level V incarceration, suspended upon successful completion of the Family Problems Program for one year of Level III probation.  Knox did not appeal any of the VOPs, but did file multiple motions for modification or correction of sentence.

(5)  On April 20, 2015, Knox filed a motion for correction of his April 25, 2014 VOP sentence.  The motion set forth eighteen overlapping grounds for relief

---

[1] *Knox v. State*, 2003 WL 21456287 (Del. June 17, 2003).

that fell into the following categories: (i) defects in the arrest and the arrest warrant; (ii) lack of notice of the VOP charges; (iii) errors at the April 25, 2014 VOP hearing before imposition of the sentence; (iv) innocence of the third VOP, despite Knox's admission to the VOP at the hearing; (v) attacks on the sentence; and (vi) ineffective assistance of counsel. Knox attacked his sentence on the grounds that it violated *Tapia v. United States*,[2] he was not present for all of the sentencing, the sentence did not comply with the Delaware Sentencing Accountability Commission Benchbook ("SENTAC"), and requiring completion of the Family Problems Program constituted cruel and unusual punishment. On April 23, 2015, the Superior Court denied the motion, finding that the sentence was appropriate for the reasons stated at sentencing and that no additional information was provided to warrant a reduction or modification of sentence. This appeal followed.[3]

(6)     We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion.[4] To the extent the claim involves a question of law, we review the claim *de novo*.[5] With the exception of the ineffective assistance of counsel and cruel and unusual punishment claims, Knox raises the same claims in his opening brief that he raised in his motion for correction of

---

[2] 131 S.Ct. 2382 (2011).
[3] On May 4, 2015, Knox filed a motion for correction of his April 12, 2013 VOP sentence. The Superior Court's denial of that motion is on appeal in *Knox v. State*, No. 250, 2015.
[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*

3

sentence in the Superior Court. The ineffective assistance of counsel and cruel and unusual punishment claims are deemed waived because Knox does not make any arguments regarding those claims in his opening brief.[6]

(7) Under Superior Court Criminal Rule 35 ("Rule 35"), a defendant may file a motion for correction of an illegal sentence or a motion for reduction of sentence. A proceeding under Rule 35 presumes a valid conviction.[7] Rule 35 is not a means for a defendant to attack the legality of his convictions or to raise allegations of error in the proceedings before the imposition of sentence.[8] A defendant may not use an appeal from the denial of a Rule 35 motion "to collaterally attack the merits of his VOP conviction."[9] We will therefore only consider Knox's attacks on his sentence. Knox's other claims (alleged defects in the arrest and arrest warrant, lack of notice of the VOP charges, errors at the April 25, 2014 VOP hearing before imposition of the sentence, and actual innocence of the VOP) are outside the scope of Rule 35 and will not be considered.

(8) A motion to correct an illegal sentence under Rule 35(a) may be filed at any time.[10] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute,

---

[6] Supr. Ct. R. 14(b)(vi)(A)(3); *Murphy v. State*, 632 A.2d 1150, 1152 (Del.1993).
[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[8] *Id.*
[9] *Pipkin v. State*, 2004 WL 2419087, at *1 (Del. Oct. 26, 2004).
[10] Super. Ct. R. 35(a).

is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[11] A motion to correct a sentence imposed in an illegal manner or a motion for reduction of sentence filed more than ninety days after imposition of the sentence will be considered only in extraordinary circumstances or if the Department of Correction files an application under 11 *Del. C.* § 4217.[12]

(9) Knox first claims that his VOP sentence violated *Tapia* because the Superior Court lengthened his sentence so that he would not be released from Level V incarceration until he completed the Family Problems Program. In *Tapia*, the United States Supreme Court held that the Sentencing Reform Act of 1984 ("SRA"), 18 *U.S.C.* § 3551 *et seq.*, precluded a district court from lengthening a defendant's prison term to ensure completion of a substance abuse program.[13] Even assuming that Knox's *Tapia* claim constitutes a claim that his sentence is illegal under Rule 35(a) and not a claim that the sentence was imposed in an illegal manner (and thus subject to the ninety day requirement of Rule 35(b)), this claim is without merit. The United States Supreme Court's decision in *Tapia* was based upon language in the SRA that a sentencing court must recognize "that imprisonment is not an appropriate means of promoting correction and

---

[11] *Brittingham*, 705 A.2d at 578.
[12] Super. Ct. Crim. R. 35(a), (b).
[13] 131 S.Ct. at 2391-93.

rehabilitation."[14]  Knox was sentenced under the Delaware Criminal Code, not the SRA.  Knox does not point to any similar language in the Delaware Criminal Code or any other Delaware authority that would prohibit the Superior Court from sentencing Knox to ten years of Level V incarceration, suspended after his completion of the Family Problems Program.  Knox's claim that his sentence is illegal under *Tapia* is therefore without merit.

(10)  Knox next contends that he was not present for all of the sentencing. Because this constitutes a claim that the sentence was imposed in an illegal manner and Knox filed the motion for correction of sentence more than ninety days after imposition of the sentence, he was required to show extraordinary circumstances to overcome the ninety day limit.[15]  The transcript of the April 25, 2014 VOP hearing reflects that the substance of Knox's sentence remained the same before and after he left the courtroom.  Before Knox left the courtroom, he was sentenced to ten years of Level V incarceration, suspended after two years of Level V incarceration or completion of the Family Problems Program, whichever occurred later, to be followed by one year of Level III probation.  After Knox left the courtroom, his counsel and the prosecutor informed the Superior Court that the Family Problems Program is a two-year minimum program.  The Superior Court then entered an

---

[14] 18 U.S.C. § 3582(a).
[15] Del. Super. Ct. R. 35(a), 35(b).

order sentencing Knox to ten years of Level V incarceration, suspended after completion of the Family Problems Program for one year of Level III probation. Thus, Knox always knew that his Level V sentence would not be suspended until he completed the Family Problems Program and he has not established extraordinary circumstances to overcome the ninety day time limit in Rule 35(b).

(11) Finally, Knox argues that his VOP sentence was not compliant with the SENTAC guidelines. Again, Knox had to show extraordinary circumstances because this constitutes a claim that the sentence was imposed in an illegal manner, and he filed the motion for correction of sentence more than ninety days after imposition of the sentence.[16] It is settled that a defendant "has no legal or constitutional right to appeal a statutorily authorized sentence simply because it does not conform" to the SENTAC guidelines.[17] Knox has not shown extraordinary circumstances based on any deviations from the SENTAC guidelines. Having carefully reviewed the parties' submissions and the record, we affirm the Superior Court's denial of Knox's motion for correction of his second VOP sentence.

---

[16] *See supra* n.12.

[17] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED

and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice